UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MICHAEL BECKMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) 4:25-cv-04175-SEM-DJQ |
| | ) |
| SHAN JUMPER, *et al.* | ) |
| | ) |
| Defendants. | ) |

### ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently civilly detained at the Rushville Illinois Treatment and Detention Facility in Rushville Illinois, pursues claims against Shan Jumper, Ms. Wagner, and Liberty Healthcare.

The case is before the Court for a merit review of Plaintiff's complaint. The Court must identify and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d

645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient – the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Defendant Wagner is the Clinical Director at Rushville. Shan Jumper was previously the Clinical Director. Liberty Healthcare is a contractor that provides care at the facility.

On May 13, 2025, Plaintiff was called to the personal property office to receive personal mail. Personnel at the property office saw the letter and photographs Plaintiff received. They asked Plaintiff what these items were, and Plaintiff said they were photographs of Plaintiff's friend's daughter. The personnel called Plaintiff a liar and read the letter sent to Plaintiff. Plaintiff was told the letter and pictures would be sent to be reviewed. Review took two weeks. Plaintiff initially received a ticket for minor contraband for the photos and letter and ultimately received a major infraction for aiding and abetting solicitation or conspiracy.

The behavioral committee told Plaintiff to process the ticket in group. Plaintiff told his group members that he "did not recall

writing a letter to his pen-pal" which resulted in Plaintiff receiving the response with photographs. The group did not believe Plaintiff.

Plaintiff was reassigned to the Power to Change class for 30 days. Plaintiff alleges he was given an ultimatum of either changing, or he would be sent to Power to Change. Seven days after being sent to Power to Change, he was told that, what he was supposed to change was his frequently providing contradicting information in group, as well as group attitude and behavioral expectations. Plaintiff believes that, by staff telling him he is providing contradictive information, he is being called a liar.

Plaintiff's Complaint does not state a claim. "Due process requires that the conditions and duration of [involuntary civil detention] must bear some reasonable relation to the purpose for which persons are committed." *Seling v. Young*, 531 U.S. 250, 265 (2001). Involuntarily committed persons have a substantive due process right to "conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these conditions." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). The Seventh Circuit has extended and summarized *Youngberg* to include those individuals committed

because they are sexually dangerous or violent: "(a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals." *Lane v. Williams*, 689 F.3d 879, 882 (7th Cir. 2012) (internal quotation omitted).

Here, Plaintiff has alleged that he incurred a major infraction for communicating by mail with an individual who, pursuant to Plaintiff's communication with him, sent Plaintiff photographs of what Plaintiff characterized as that person's daughter. Plaintiff disagrees with his reassignment to Power to Change and alleges that, by being reassigned to Power to Change, his more-specific treatment will take longer. He alleges he was moved from specific treatment into Power to Change. All these allegations are fully consistent with Plaintiff receiving mental health treatment as decided by mental health professionals. Plaintiff's allegations do not raise a plausible inference that his reassignment to power to change was inconsistent with professional mental health treatment. The Court understands his frustration with being reassigned to Power to Change. However, Power to Change is still mental health treatment and the reason Plaintiff alleges for his reassignment to Power to

Change – a major infraction for receiving photographs of a correspondent's daughter followed by professed inability to recall his correspondence with the person who sent him the photos – does not raise a plausible inference that he was being denied mental health treatment as determined by mental health professionals.

Plaintiff's Complaint also does not state a claim against Liberty Healthcare. As a private corporation, Liberty can only be held liable under § 1983 if it maintains an unconstitutional policy or custom that violated Plaintiff's rights, *see Monell v. Department of Soc. Servs.*, 436 U.S. 658 (1978); *Curry v. Butler*, 2023 WL 2981445, * 3 (7th Cir. Apr. 18, 2023). Because Plaintiff has not plausibly alleged any violation of his constitutional rights in the first place, he also necessarily has not alleged that a policy of Liberty caused a constitutional violation.

IT IS THEREFORE ORDERED:

1. Plaintiff's Petition to Proceed in Forma Pauperis [4] is GRANTED. The Clerk is directed to calculate the reduced partial filing fee under the Court's plan for civilly detained individuals.

2. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff has not stated a claim for relief.

3. Plaintiff is allowed 30 days to file an amended complaint if he so desires, and if he in good faith believes he can state a claim for relief. If Plaintiff does not move to amend within 30 days of the entry of this order this action will be dismissed without prejudice.

Entered this 3rd day of November, 2025.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
